**Edy CANDRA, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

No. 04–5537–ag.

United States Court of Appeals, Second Circuit.

March 2, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Ronald S. Salomon, New York, NY, for Petitioner.

Alan Burch, (Madelyn Johnson, Eric J. Janson, Assistant United States Attorneys for Kenneth L. Wainstein, United States Attorney for the District of Columbia, on the brief), Washington, D.C, for Respondent.

Present: ROSEMARY S. POOLER and PETER W. HALL, Circuit Judges, LEONARD B. SAND,** District Judge.

### SUMMARY ORDER

Petitioner Edy Candra, an ethnic Chinese citizen of Indonesia, seeks review of the September 30, 2004, order of the Board of Immigration Appeals ("BIA") affirming without opinion the September 8, 2003, decision of Immigration Judge ("IJ") Robert Weisel denying Candra's application for asylum and withholding of removal. *See In re Edy Candra*, No. A. 96 265

** The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

099 (B.I.A. Sept. 30, 2004), *aff'g* No. A. 96 265 099 (Immig. Ct. N.Y. City Sept. 8, 2003). We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

Where, as here, the BIA summarily affirms the IJ's decision, we review the decision of the IJ as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). Even though a different finder of fact might have weighed the evidence in this case and reached the opposite result, because there is no evidence that compels a contrary conclusion, and because we find the IJ neither overlooked evidence of ethnic slurs in making his finding nor unreasonably applied the law to his finding, we deny the petition.

■ "Persecution" is defined as "the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340–41 (2d Cir.2006). Throughout his decision, the IJ made clear that he understood and considered all of Mr. Candra's testimony regarding the anti-Chinese remarks made to him while he was being harassed at school and victimized by robbers. The IJ ultimately concluded that Mr. Candra did not suffer persecution because Mr. Candra's Chinese ethnicity was not what motivated the attacks upon him. We conclude that no evidence in the record compels a contrary finding. *See* 8 U.S.C. § 1252(b)(4)(B) (stating that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *see also Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 156 (2d Cir.2006). Mr. Candra suggests his attackers' use of ethnic slurs establishes the harassers' motivation. The logical extension of that argument is that any time evidence is presented that a racial epithet was used during a hazing or criminal episode, that infliction of harm must have been on account of the victim's ethnicity. Because we cannot accept that any use of an ethnic slur perforce renders ethnicity the motivation for any concomitant infliction of harm, *see, e.g, Lie v. Ashcroft,* 396 F.3d 530, 536 (3d Cir.2005), we must allow the IJ to make a finding regarding the attackers' motivation, and uphold that finding where it is supported and absent compelling evidence to the contrary. *Id.*

We observe that the IJ stated "there is no evidence in the record to suggest that [Mr. Candra] was robbed because he was Chinese." Because the IJ had already comprehensively identified such evidence in his opinion, however, in the context of the IJ's decision, that statement can faithfully be interpreted on review to mean that no evidence *persuaded* the IJ to so conclude. "[T]he IJ need not engage in robotic incantations . . . ." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006) (internal quotation marks omitted). This is not a case in which such evidence was in the record but was obviously overlooked by the IJ. Rather, leading up to the conclusion recited, the IJ set out in detail virtually every incident involv-

ing an ethnic slur that Mr. Candra had described in his testimony, belying any implication that the IJ missed or ignored any such evidence in reaching his conclusion. *Cf. Tian–Yong Chen*, 359 F.3d at 127. Accordingly, we have no basis to vacate the IJ's conclusion that Mr. Candra did not suffer past persecution.

■ The considerable time interval between the episodes to which Mr. Candra refers and his ultimate departure from Indonesia, the fact that his sister attends university in Indonesia and his parents still reside there, support the IJ's decision that Mr. Candra failed to show a well-founded fear of future persecution. Although to mitigate these facts and support his claim, Mr. Candra submitted evidence that his parents' store in Jakarta was ransacked in 2002 and his parents have moved to a rural area, the IJ was permitted to weigh the evidence on the issue of future persecution and reach the conclusion he did. *Borovikova*, 435 F.3d at 156.

For the foregoing reasons the petition for review is DENIED.